Geoffrey Graber (SBN 211547)
Madelyn Petersen (*pro hac vice* forthcoming)
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
mpetersen@cohenmilstein.com

Charles Reichmann (SBN 206699)
**LAW OFFICES OF**
**CHARLES REICHMANN**
16 Yale Circle
Kensington, CA 94708-1015
Telephone: (415) 373-8849
charles.reichmann@gmail.com

*Attorneys for Plaintiff*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE BOURQUE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA *and* UNITED STATES DEPARTMENT OF STATE,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT** |

**INTRODUCTION**

1. The United States Department of State offers expedited passport processing for a fee, through which it issues or renews a passport faster than through routine processing. Since at least 2018, the State Department has charged $60 for expedited passport processing.[1] The State Department is authorized to charge a fee for expedited processing covering only the cost it takes to provide this service.[2] Notwithstanding this limitation, the State Department has repeatedly failed to show, and cannot show, how the cost of providing expedited passport processing justifies its $60 fee. Accordingly, the State Department has overcharged Americans for expedited passport processing.

2. Plaintiff brings this action on behalf of himself and all other similarly situated persons who paid a $60 expedited passport processing fee. Plaintiff challenges the fee on the grounds that the State Department acted unlawfully when it arbitrarily and capriciously set the fee at $60. Further, this fee is not in accordance with law and is in excess of the State Department's statutory authority as it exceeds the amount the State Department was authorized to charge under 31 U.S.C. § 9701. Accordingly, Plaintiff seeks to have this Court declare the State Department's expedited passport fee unlawfully excessive, in violation of 31 U.S.C. § 9701, and award Plaintiff and the proposed Class recovery of amounts charged in excess of statutory authorization.

**PARTIES**

3. Plaintiff Chase Bourque is a resident of California and resides in Oakland, California. In 2024, Plaintiff submitted an application to renew his passport to the State Department. With his application, Plaintiff paid the State Department's $60 expedited processing fee.

4. Defendant United States of America, through the Department of State's Bureau of Consular Affairs ("the Bureau"), issues and renews passports and charges fees for these services, including the expedited passport fee.

---

[1] 22 C.F.R. § 22.1 (Sept. 17, 2009).
[2] 31 U.S.C. § 9701.

5. Defendant United States of America Department of State ("State Department") is the executive department of the United States of America charged with issuing and renewing passports, services for which it charges fees, including the expedited passport fee.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action under 5 U.S.C. § 702, 28 U.S.C. § 1346(a), and 28 U.S.C. § 1331. Plaintiff's individual claims against the Defendants, as well as those of each member of the proposed Class, do not exceed $10,000.

7. Defendants have waived sovereign immunity under 28 U.S.C. § 1346(a) or 5 U.S.C. § 702.

8. The Court has personal jurisdiction over all parties to this lawsuit, and venue is proper under 5 U.S.C. § 703, 28 U.S.C. § 1391, and 28 U.S.C. § 1402(a).

## FACTUAL ALLEGATIONS

9. Government agencies, including the State Department, have the authority to establish user charges, or fees, for goods or services of value, under 31 U.S.C. § 9701, otherwise known as Title V of the Independent Offices Appropriations Act of 1952, or the "IOAA".[3]

10. Under 31 U.S.C. § 9701, these "user charges" are meant to 1) ensure that goods and services provided by a government agency to a specific recipient are self-sustaining, and 2) "promote efficient allocation of the [United States'] resources" by recouping the costs to the government of providing these goods and services.[4]

11. User charges, including those authorized by 31 U.S.C. § 9701, cannot exceed the cost incurred by the government agency to provide the value conferred to the fee payor through the service. Additionally, if the service the agency charges for provides distinct benefits to an identifiable beneficiary and to the public, then the agency must prorate its costs: the agency cannot charge the individual beneficiary for costs attributable to the public benefit.

---

[3] 31 U.S.C. § 9701. *See also* Schedule of Fees for Consular Services, Department of State and Overseas Embassies and Consulates, 62 Fed. Reg. 63478-01 (Dec. 1, 1997) (to be codified at 22 C.F.R. §§ 22, 51, 53); Fee for Expedited Passport Processing, 59 Fed. Reg. 48998-01 (Sept. 26, 1994) (to be codified at 22 C.F.R §§ 22, 51).

[4] Off. of Mgmt. & Budget, Exec. Off. of the President, OMB Circular A-25 Revised, *Transmittal Memorandum #1 - User Charges* (1993).

12. The State Department's expedited passport processing fee is a user charge established under 31 U.S.C. § 9701 to recover the cost of providing expedited processing to those passport applicants who request it.[5]

### I. In 1994, the State Department First Established a Fee to Cover the Cost of Expedited Passport Processing.

13. Until 1994, the State Department provided expedited passport processing for no additional charge for applicants who could demonstrate urgent travel needs. The 1994 Appropriations Act, however, permitted the State Department to retain the receipts from an expedited passport processing fee as an offsetting collection rather than to be paid into the Treasury.[6]

14. One month after passage of the 1994 Appropriations Act, the State Department noticed its proposed expedited passport processing rule and fee.[7] The new expedited processing regulation contemplated a 3-day processing time frame and a $30 fee for the expedited services.[8]

15. The State Department's justification for the $30 fee at that time was to "ensure that the costs of processing passports on an expedited basis, as reflected in the [State] Department's 1991 consular fees cost study, are borne by those who receive that service and that the State Department recovers additional costs associated with implementing this fee and eliminating the separate charge for overtime work. (As noted by Congress, for example, [at the time] up to 60% more time is required to process a passport application on an expedited basis than to provide normal processing services.)"[9]

---

[5] *See* Schedule of Fees for Consular Services, Department of State and Overseas Embassies and Consulates, 62 Fed. Reg. 63478-01. *See also* Dep't of State, 8 Foreign Affairs Manual § 602.2-1(d), *Passport Fees* (2023).

[6] *Compare* Pub. L. 103–317 (codified as 22 U.S.C. § 214 Note) (specifying "[t]hat hereafter all receipts received from a new charge from expedited passport processing shall be deposited in this account as an offsetting collection and shall be available until expended") *with* 22 U.S.C. § 214(a)(1) (establishing that "[t]here shall be collected and paid into the Treasury of the United States a fee…for the filing of each application for a passport … and a fee… for executing each such application").

[7] Fee for Expedited Passport Processing, 59 Fed. Reg. 48998-01.

[8] *Id.*

[9] *Id.*

## II. The State Department Repeatedly Raised the Expedited Processing Fee Without Justifying the Increase.

16. On December 1, 1997, the State Department proposed increasing the expedited passport processing fee from $30 to $35 to "recover the costs of guaranteeing a maximum turn-around time of three business days to qualified users."[10]

17. While the State Department generally explained that a number of its consular service fees were changing based on a cost-of-service study conducted from September 1995 to September 1996, there was no breakdown of the specific costs included in the expedited processing fee or how the State Department determined the amount of each cost. Though, the notice of the proposed fee change did suggest more detailed information from the cost-of-service study could be obtained from the Bureau of Consular Affairs.[11]

18. On March 28, 2002, the State Department proposed revisions to a number of its consular service fees based on a cost-of-service study conducted from September 1999 to October 2001.[12] In proposing these fees, the State Department publicly reiterated that its fees are "designed to recover some or all—but not more than— actual fully allocated costs the State Department expects to incur . . . ."[13]

19. As part of its 2002 fee revisions, the State Department proposed raising the expedited passport processing fee from $35 to $60.[14] The proposed rule asserted the fee "pays for all of the additional costs associated with expediting the processing and issuance of an applicant's passport at a U.S. Passport Agency, so that the applicant can receive a passport in three days or less," but it did

---

[10] Schedule of Fees for Consular Services, Department of State and Overseas Embassies and Consulates, 62 Fed. Reg. 63478-01 (Dec. 1, 1997). This fee increase was set forth as a final rule at Schedule of Fees for Consular Services, Department of State and Overseas Embassies and Consulates, 63 Fed. Reg. 5098-01 (Jan. 30, 1998) (to be codified at 22 C.F.R. § 22.1).

[11] Schedule of Fees for Consular Services, Department of State and Overseas Embassies and Consulates, 62 Fed. Reg. 63478-01.

[12] Schedule of Fees for Consular Services, Department of State and Overseas Embassies and Consulates, 67 Fed. Reg. 14895-01 (Mar. 28, 2002) (to be codified at 22 C.F.R. § 22).

[13] *Id.*

[14] *Id.*

not specify what those "additional costs" were or how those costs were calculated.[15] The increase to the expedited processing fee was adopted.

20. In 2009, the State Department amended its expedited passport processing regulation to change the processing timeline from three business days to the amount of time specified on its website.[16]

21. The State Department "aims to update [its] Schedule of Fees biennially".[17]

22. This aim accords with federal policy established by the Office of Management and Budget, which makes agencies responsible for reviewing user charges biennially.[18] Agencies are to discuss the results of their biennial review in the Chief Financial Officers Annual Report.[19]

23. The expedited passport processing fee remains set at $60.[20]

24. Expedited passport processing times, however, are now weeks not days. The expedited processing time for applications submitted between November 6, 2023 and December 17, 2023 was three to five weeks; the expedited processing time for applications submitted after December 18, 2023 has been two to three weeks, as of September 2024.[21]

25. The fee does not cover "any costs of mailing above the normal level of service," which must be covered separately by the applicant.[22]

26. The State Department has never provided a sufficient justification for setting the expedited passport processing fee at $60.

---

[15] *Id.*

[16] Passport Procedures - Amendment to Expedited Passport Processing Regulation, 74 Fed. Reg. 47726-01 (Sept. 17, 2009).

[17] Schedule of Fees for Consular Services - Nonimmigrant and Special Visa Fees, 88 Fed. Reg. 18243-01 (March 28, 2023) (to be codified at 22 C.F.R. pt. 22).

[18] Off. of Mgmt. & Budget, Exec. Off. of the President, OMB Circular A-25 Revised, *Transmittal Memorandum #1 - User Charges* (6)(a)(2)(a) (1993).

[19] *Id.*

[20] 22 C.F.R. § 22.1 (Sept. 17, 2009).

[21] Bureau of Consular Affs., U.S. Dep't of State, *Get Your Processing Time*, Travel.State.Gov (last modified June 28, 2024), https://travel.state.gov/content/travel/en/passports/how-apply/processing-times.html (last visited Sept. 6, 2024).

[22] 22 C.F.R. § 51.56(c) (Nov. 19, 2007).

### III. The State Department Cannot Justify the Amount Charged for the Expedited Processing Fee.

27. Sources both within and outside the State Department have asserted that the expedited passport processing fee cannot be justified based on an acceptable, cost-recovery basis. These sources include a former senior government official the State Department's Office of the Inspector General (OIG), through its independent auditor Kearney & Company, and the U.S. Government Accountability Office (GAO).

> A. *A former senior government official believes the expedited processing fee cannot be justified.*

28. Confidential Witness ("CW") is a former senior government official at the Bureau of Consular Affairs, which oversees the passport issuance and renewal process.

29. According to CW, when the expedited passport fee went through a regular, periodic review process in or around 2017, there was a desire within the Bureau to raise the fee due to a predicted increase in demand for passport renewals, among other reasons.

30. During this review, however, CW learned that the Bureau of Consular Affairs' comptroller and analysts believed that the Bureau could not justify even the current expedited processing fee of $60, let alone an increase, because the cost to the State Department for providing the service was significantly less.

31. Analysis of the costs at the time showed the additional cost to provide expedited passport processing, compared to normal processing, was closer to $30 or $35, according to CW.

32. That the fee charged to the public for passport expedition approached double the cost to the State Department for providing this service was documented and confirmed through internal studies and email correspondence discussing the results of such studies.

33. Despite this analysis, the State Department did not reduce the expedited fee to reflect the cost incurred by the State Department.

34. Given the information CW learned from the Comptroller's office and other policymakers about the calculation and justification for the expedited passport fee, CW concluded at the time that the expedited passport fee of $60 was unjustified and unjustifiable.

35. Accordingly, CW believed at the time and continues to believe the State Department knowingly charges the American public more than is permissible for expedited passport processing.

   B. *A 2017 audit of the Bureau found that the State Department failed to follow appropriate guidelines when setting its fees.*

36. In 2017, Kearney & Company, acting on behalf of OIG, performed an independent audit of the Bureau of Consular Affairs to ensure the Bureau collected fees in accordance with Office of Management and Budget Circular A-25 ("OMB Circular A-25") and with fee-governing statutes.[23]

37. OMB Circular A-25 provides guidance to federal departments and agencies on compliance with user charge authorizing statutes, in particular 31 U.S.C. § 9701.

38. OMB Circular A-25 states that "user charges will be sufficient to recover the full cost to the Federal Government . . . of providing the service."[24] Accordingly, agencies must set charges so that they recover the cost of providing the related service.

39. OIG's audit revealed that the Bureau "did not fully comply with OMB Circular A-25 or Federal statutes that allow [the Bureau] to charge and retain certain fees at the cost of providing those services."[25] In FYs 2014 and 2015, the Bureau collected revenue from consular fees of $3.7 billion and $4.1 billion, though the costs of services both years were approximately $3.3 billion.[26] OIG wrote that at least some of this excess revenue was unlawful because it was the result of unacceptable fee-setting.[27]

40. Further, the Bureau had insufficient records showing how it determined the cost of a given service in order to set its fees. The auditors observed that the Bureau failed to maintain documentation of how it collected and modified the data used in its cost-of-service model.[28]

---

[23] *See generally* Off. of the Inspector Gen., U.S. Dep't of State, AUD-FM-17-53, *Audit of the Bureau of Consular Affairs Fee-Setting Methodology for Selected Consular Services* (2017).

[24] Off. of Mgmt. & Budget, Exec. Off. of the President, OMB Circular A-25 Revised, *Transmittal Memorandum #1 - User Charges* (6)(a)(2)(a) (1993).

[25] Off. of the Inspector Gen., U.S. Dep't of State, AUD-FM-17-53, *Audit of the Bureau of Consular Affairs Fee-Setting Methodology for Selected Consular Services* 5 (2017).

[26] *Id.*

[27] *Id.*

[28] *Id.* at 16-19.

8
CLASS ACTION COMPLAINT

41. OIG concluded that "[b]ecause [the Bureau] is not complying with the OMB Circular A-25 requirement to cover the full cost of services, [the Bureau] cannot ensure that consular fees are reasonable."[29]

42. OIG reiterated that "the Bureau does not have the legal authority to charge more than the estimated cost for providing each specific consular service."[30]

C. *A 2022 GAO report concluded that the State Department could be overcharging Americans.*

43. After the 2017 audit found that the State Department had failed to ensure its compliance with a fee authorizing statute, the State Department did not address the flaws in its fee-setting methodology.

44. The GAO observed, in a 2022 report, that the State Department's lack of methodology risks fee increases "that do not align with actual needs" and that "[a]s a result, State could collect consular fees in excess of its costs for some services, thereby over-charging visa or passport applicants."[31]

45. Despite the lack of documentation supporting the State Department's fee-setting, the State Department continues to propose increases to its consular fees.

**PLAINTIFF'S EXPERIENCES**

46. On July 15, 2024, Plaintiff mailed his application to renew his passport to the State Department via the United States Postal Service.

47. With his application he paid the $130 application fee.

48. In addition, he paid the $60 fee for expedited passport processing.

49. Plaintiff received his passport with a date of issue of July 31, 2024.

50. Plaintiff's passport will expire on July 30, 2034, when he will need to renew his passport and

---

[29] *Id.* at 19-20.

[30] Off. of the Inspector Gen., U.S. Dep't of State, AUD-FM-17-53, *Audit of the Bureau of Consular Affairs Fee-Setting Methodology for Selected Consular Services*, at *What Was Found* 1 (2017).

[31] U.S. Gov't Accountability Off., GAO-22-104424, *Consular Affairs: State May Be Unable to Cover Projected Cost if Revenues Do Not Quickly Rebound to Pre-Pandemic Levels,* at *What GAO Found* 2 (2022).

again have to pay an unlawful and excessive fee to receive the State Department's expedited passport processing service.

## CLASS ALLEGATIONS

51. Pursuant to Rules 23(b)(1), 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and the following proposed Class:

> All persons who paid the expedited passport processing fee from October 4, 2018 to the present.[32]

52. **Numerosity**. The State Department has processed millions of expedited passports in the past two decades. Members of the proposed Class are thus too numerous to practically join in a single action. Class members may be notified of the pendency of this action by mail, supplemented by published notice (if deemed necessary or appropriate by the Court).

53. **Commonality and Predominance.** Common questions of law and fact exist as to all proposed Class members and predominate over questions affecting only individual Class members. These common questions include, but are not limited to:

   a. Does the expedited passport fee exceed the amount it costs the government to provide expedited passport processing?

   b. Did the State Department exceed its authority when it set and maintained the expedited passport processing fee at $60?

54. **Typicality**. Plaintiff's claims are typical of the claims of members of the proposed Class. Plaintiff and the members of the proposed Class all paid the expedited passport processing fee to the State Department for expedited passport processing during the class period, giving rise to substantially the same claims.

55. **Adequacy**. Plaintiff is an adequate representative of the proposed Class because his interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and will prosecute

---

[32] Excluded from the proposed Class are counsel in this action; anyone employed by Plaintiff's counsel in this action; any judge to whom this case is assigned, his or her spouse; and members of the judge's staff.

this action vigorously on Class members' behalf.

56. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

57. Moreover, in addition to the burden and expense of managing many actions arising from the same issues, the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendants.

58. Additionally, Defendants have acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final and injunctive relief with respect to the members of the proposed Class as a whole.

## COUNT ONE

### Arbitrary, Unlawful, and Unauthorized Fee in Excess of Authority

59. Plaintiff realleges and incorporates paragraphs 1-58.

60. The State Department is an "agency" within the meaning of 5 U.S.C. § 701(1).

61. Setting the amount of the expedited passport processing fee is an "agency action" within the meaning of 5 U.S.C. § 551(13).

62. The State Department committed an arbitrary and unlawful agency action under 5 U.S.C. § 706(2) by charging plaintiff a $60 fee for expedited passport processing, in excess of what the State Department was authorized to charge by law.

63. The State Department acted arbitrarily, capriciously, and otherwise not in accordance with law in charging the expedited passport processing fee for at least the following reasons:

    a. The State Department set the expedited passport processing fee, and twice increased

the fee, without specifying how it determined the rate to be charged, including not specifying the costs included in the fee calculation nor how those costs were calculated.

b. Even though it knew the rate charged was impermissibly high the State Department repeatedly failed to adjust the expedited passport processing fee to align with the cost incurred by the State Department in providing the service.

c. The expedited passport processing fee exceeds the reasonable cost the State Department incurred to provide the service.

64. Additionally, the State Department acted in excess of its statutory authority by charging an expedited passport processing fee that was more than the reasonable cost the State Department incurred to provide the service.

65. Plaintiff and the members of the proposed Class are entitled to a judgment declaring that the State Department arbitrarily and unlawfully set, increased, and failed to adjust the expedited passport processing fee, in excess of its statutory authority and that the State Department continues to act unlawfully and in excess of its authority by charging a $60 expedited passport processing fee.

66. Plaintiff and the members of the proposed Class are also entitled to the return or refund of all expedited passport processing fees unlawfully and arbitrarily charged during the class period, plus reasonable interest.

**COUNT TWO**

**Illegal Exaction Through Fee in Excess of Authority Granted in 31 U.S.C. § 9701**

67. Plaintiff realleges and incorporates paragraphs 1-58.

68. Plaintiff is entitled to money from the United States through an illegal exaction claim. Plaintiff's right to bring an illegal exaction claim is the necessary implication of a fee-authorizing statute and the government's collection of a fee in excess of that statutory grant, here 31 U.S.C. § 9701. The remedy for the government's violation of a fee-authorizing statute is the return of any money unlawfully exacted.

69. An agency is authorized to charge a person for a service or thing of value under 31 U.S.C. § 9701. The charge must be based on the lesser of the cost to the government to provide the service

or value conferred on the recipient.

70. The State Department is an "agency" within the meaning of 31 U.S.C. § 101.

71. Expedited passport processing is a "service or thing of value provided by [an] agency" within the meaning of 31 U.S.C. § 9701.

72. The State Department overcharged Plaintiff and members of the proposed Class for expedited passport processing in excess of its statutory authorization provided by 31 U.S.C. § 9701.

73. Plaintiff and members of the proposed Class have been overcharged for at least the following reasons:

    a. The expedited processing fee does not reasonably reflect cost of the services performed by the State Department in violation of 31 U.S.C. § 9701.

    b. The calculation of the expedited processing fee impermissibly includes costs that are attributable to a public benefit.

74. To the extent it included impermissible costs, each charge of the $60 expedited passport processing fee was an illegal exaction by the State Department.

75. Plaintiff and members of the proposed Class are entitled to a judgment declaring that the fee they were each charged for expedited passport processing was excessive.

76. Plaintiff and members of the proposed Class are entitled to the monetary damages equivalent to the overcharge illegally exacted during the class period through the excessive expedited passport processing fee, plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, on behalf of himself and the proposed Class, requests the following relief:

    a. Certification of the Class under Federal Rule of Civil Procedure 23;

    b. A judgement declaring that the State Department arbitrarily, unlawfully, and capriciously set and continues to charge an excessive expedited passport processing fee;

    c. A judgment declaring that the State Department unlawfully charged an expedited passport processing fee in excess of the State Department's authority;

    d. Restitution or return of any expedited passport processing fees collected by the State

Department that are found to exceed the amount authorized by law, plus reasonable interest;

e. A judgment declaring that the State Department must revise its expedited passport processing fee to reflect the actual costs of providing the expedited processing;

f. An award to the plaintiff of his costs, expenses, and attorney fees under 28 U.S.C. § 2412;

g. Any further remedy the Court may deem just and proper.

Dated: October 4, 2024     By:   /S/ *Geoffrey Graber*
                                 Geoffrey Graber

                                 Geoffrey Graber (SBN 211547)
                                 Madelyn Petersen
                                 **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                 1100 New York Ave. NW, Suite 500
                                 Washington, DC 20005
                                 Telephone: (202) 408-4600
                                 Facsimile: (202) 408-4699
                                 ggraber@cohenmilstein.com
                                 mpetersen@cohenmilstein.com

                                 Charles Reichmann (SBN 206699)
                                 **LAW OFFICES OF CHARLES REICHMANN**
                                 16 Yale Circle
                                 Kensington, CA 94708-1015
                                 Telephone: (415) 373-8849
                                 charles.reichmann@gmail.com

                                 Mariel LaSasso
                                 **LASASSO LAW GROUP PLLC**
                                 30 Wall St., Eighth Floor
                                 New York, NY 10005
                                 Telephone: (212) 421-6000
                                 mariel@lasassolaw.com

                                 *Attorneys for Plaintiff and the Proposed Class*