United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE BOURQUE, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA DEPARTMENT OF STATE, et al.,<br>Defendants. | Case No. 24-cv-06994-EMC (LJC)<br>**ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PURPORTED WAIVER OF ATTORNEY-CLIENT PRIVILEGE**<br>Re: Dkt. No. 155 |

In the joint letter regarding the deposition of John Zakrajsek, the parties dispute whether Defendants' assertion of the affirmative defense of voluntary payment serves as a waiver of attorney-client privilege for communications reflecting Defendants' understanding of the legality of their fee-setting methodology. Plaintiffs contend that the voluntary payment defense requires a "mutual mistake of law," and thus implicitly asserts Defendants' good faith regarding the legality of their conduct. ECF No. 155 at 1 (citing *Starr Int'l Co., Inc. v. United States*, 121 Fed. Cl. 428, 471 (2015), *vacated in part*, 856 F.3d 953 (Fed. Cir. 2017)). Defendants argue that "a 'mutual mistake of law' is not an element of, nor an exception to, the voluntary payment defense," suggesting that *Starr* wrongly decided that issue. *Id.* at 3.

It may not be necessary for this Court to resolve the contours of the voluntary payment defense to adjudicate this discovery dispute. Defendants appear to disclaim any intent to assert a mistake of law—or more generally, their own good faith understanding of the law—as a component of their affirmative defense. Depending on which side is correct as to the law, that might (or might not) have consequences for the merits of that affirmative defense, but if Defendants do not intend to assert their own good faith, there would seem to be no basis for waiver of attorney-client privilege.

United States District Court
Northern District of California

Accordingly, Defendants are directed to file a one-page statement no later than September 25, 2026 indicating whether they are or are not asserting their own mistake of law (or good faith understanding of the law) as a component of any defense. Each side is directed to file a supplemental letter brief not exceeding four pages of argument no later than September 29, 2026 addressing: (1) whether they believe it is necessary for this Court to resolve the requirements of the voluntary payment defense in light of Defendants' response, and why; (2) the elements of the voluntary payment defense; (3) the extent to which a defendant's state of mind or understanding of the law is or can be relevant to the affirmative defense of voluntary payment; and (4) if the Defendant's state of mind or understanding of the law is (or can be) relevant to that defense, which party has the burden of proof in showing that state of mind or understanding. The Court intends to resolve the parties' joint letter after receiving that supplemental briefing.

**IT IS SO ORDERED.**

Dated: September 22, 2026

LISA J. CISNEROS
United States Magistrate Judge