UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHASE BOURQUE, et al.,
Plaintiffs,
v.
UNITED STATES OF AMERICA DEPARTMENT OF STATE, et al.,
Defendants.

Case No. 24-cv-06994-EMC (LJC)

**DISCOVERY ORDER REGARDING ATTORNEY CLIENT PRIVILEGE**

Re: Dkt. No. 155

Before the Court is the parties' joint letter brief regarding a dispute in which Plaintiffs seek to compel a fact witness for Defendant Department of State (the Department), John Zakrajsek, to answer questions concerning three topics. ECF No. 155 (Joint Letter Brief) at 1–3. When Zakrajsek was deposed and questioned concerning the three topics, the Department's counsel instructed him not to answer some questions based on the attorney-client privilege. *Id.* The Department also instructed Zakrajsek not to answer questions regarding the second and third topics based on the deliberative process privilege. *Id.* Plaintiffs contend that the Department waived the attorney-client privilege by invoking the voluntary payment defense and that the deliberative process privilege should not apply. *Id.* This order addresses the attorney-client privilege only and does not resolve whether the deliberative process privilege was waived.

Following the parties' submission of their joint letter brief, the Court ordered supplemental briefing regarding the purported waiver of attorney-client privilege and required the Department to file a statement indicating whether or not it is asserting its own mistake of law or good-faith understanding of the law. ECF No. 160. The Department submitted a statement that it is not asserting its own mistake of law, ECF No. 163, and the parties each submitted a supplemental brief, ECF Nos. 164, 167. For the reasons explained below, Plaintiffs' request for an order finding

a waiver of the attorney-client privilege and compelling further testimony from Zakrajsek is DENIED. Plaintiffs' request for an order finding that the deliberative process privilege has been waived is also DENIED, though without prejudice to a renewed request by Plaintiffs, depending on how the currently pending dispute concerning the deliberative process privilege is resolved.[1]

## I. BACKGROUND

Plaintiffs conducted a deposition of John Zakrajsek on June 23, 2026. Zakrajsek is a former Comptroller and current Director of the Resource Management Unit at the Bureau for Consular Affairs. ECF No. 155-1 (Zakrajsek Dep. Tr.) at 21 (20:5–7), 26 (25:2–11). He oversaw the Cost-of-Service Modeling (CoSM) team responsible for reviewing the Bureau's fees. *Id.* at 21 (20:5–25), 23 (22:7–25).

The three topics Plaintiffs seek to compel further testimony from Zakrajsek on are: (1) whether Government employees involved in fee setting had known that the expedited processing fee (EPF) could not lawfully be set higher than the cost of providing expedited process; (2) why the Government switched to the Time-Based Value (TBV) methodology; and (3) whether anyone expressed concerns about the adoption of the TBV methodology, and whether it complied with relevant law. ECF No. 155 at 1–3.

With respect to topic (1), Zakrajsek testified that his role involved ensuring the CoSM and related fee-setting complied with relevant authorities, and that he believed the CoSM and the methodology used to set the EPF adhered to relevant authorities and guidance. ECF No. 155-1 at 32–33 (31:9–32:4), 157 (156:9–16). When Plaintiffs asked Zakrajsek if it was his understanding that the EPF is supposed to be set at the cost of providing that service under 31 U.S.C. § 9701, the Department's counsel instructed Zakrajsek not to answer based on attorney-client privilege to the extent that his understanding was based on conversations with counsel, but that he was otherwise free to answer; Zakrajsek stated he could not. *Id.* at 91 (90:6–19), 103–04 (102:8–103:6), 118–19 (117:23–118:12).

With respect to topic (2), Zakrajsek testified that he knows why the Government chose to

[1] The undersigned is currently reconsidering her order finding that the deliberative process privilege did not preclude discovery. ECF Nos. 159, 174.

United States District Court
Northern District of California

switch to the TBV methodology, which resulted in a higher fee, but when Plaintiffs asked him to explain, the Department's counsel objected, in part based on attorney-client privilege. *Id.* at 146 (145:5–17). Plaintiffs asked if Zakrajsek was going to follow counsel's instruction not to answer, and Zakrajsek responded, "Yes, I'm going to follow." *Id.* at 146 (145:19–21). Plaintiffs then inquired into whether his knowledge of why the Government chose the option resulting in a higher fee was based on advice from counsel, to which Zakrajsek replied yes, and then if there was any other basis for his knowledge other than advice of counsel, to which Zakrajsek replied, "Yea. I mean, yes." *Id.* at 146–47 (145:22–146:6). Plaintiffs then moved on to another question without asking Zakrajsek to elaborate. *See id.* at 147.

With respect to topic (3), Zakrajsek confirmed that he had conversations with and without lawyers about the TBV methodology and whether it complied with relevant statutes, but did not elaborate on the content of those conversations following the Department's counsel's invoking of the deliberative process privilege and the attorney-client privilege. *Id.* at 154 (153:2–11), 157–58 (156:9–157:10), 165–67 (164:5–166:10).

The Department's view is that Plaintiffs' claims concern purely a legal issue regarding the proper interpretation of 31 U.S.C. § 9701. The Department contends that its decision was lawful, but the Department's subjective belief regarding the lawfulness of its decision is not relevant to the Court's statutory interpretation. ECF No. 163 at 2.

According to the Department, its affirmative defenses do not impose the burden on it to assert or prove a mistake of law or a good faith understanding of the law, so the Department does not anticipate making that assertion as a component of any affirmative defense. The Department has not relied and need not rely on the advice of counsel to assert or establish the voluntary payment defense, nor has it otherwise put counsel's advice "at issue." *Id.*

## II. LEGAL STANDARD

A party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 30(c)(2) provides that a person defending a deposition "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a

limitation ordered by the court, or to present a motion under Rule 30(d)(3)." In turn, Rule 30(d)(3) permits deponents and parties to move to terminate or limit a deposition on "the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) (quoting *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020)). "The privilege is not absolute; it may be waived either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents. . . Still courts should be cautious to find a waiver of privilege as it 'is an exceedingly severe outcome.'" *Gemini Data, Inc. v. Google LLC*, Case No. 24-cv-06412, 2026 WL 1726266 (N.D. Cal. Jun. 15, 2026), *2 (internal quotations and citations omitted).

## III. ANALYSIS

Plaintiffs contend that the Department waived attorney-client privilege by invoking the voluntary payment defense, which they construe as an affirmative defense that bars recovery if Plaintiffs' claims are based on a "mutual mistake of law" according to *Starr International Company, Inc. v. United States*, 121 Fed. Cl. 428 (2015), *aff'd in part, vacated in part*, 856 F.3d 953 (Fed. Cir. 2017). ECF No. 167 at 1–3. In *Starr*, the Court of Federal Claims interpreted Supreme Court precedent as establishing a defense of voluntary payment "only in the narrow circumstances where there is a mutual mistake of law regarding the calculation of how much—not whether—the Government is entitled to charge or take, and where there is no clear congressional purposes that would be defeated by the assertion of such a defense." 121 Fed. Cl. at 471 (citing *United States v. Edmonston*, 181 U.S. 500 (1901)).

Two years after *Starr*, another decision from the Court of Federal Claims provided a more extensive analysis of the doctrine. *Silver Buckle Mines, Inc. v. United States*, 132 Fed. Cl. 77, 85–89 (2017). *Silver Buckle* explained that the doctrine has been recognized for centuries and provides that no action lies to recover money paid voluntarily. *Id.* at 85. "A voluntary payment is a payment that is made without objection, notice, or protest." *Id.* "[T]he voluntary payment

doctrine is inapplicable when the payment is made under protest, is the product of coercion or is otherwise not voluntary, or is made in contravention of a statute intended to benefit the payer." *Id.*

In their supplemental briefing, the parties dispute the elements of the voluntary payment defense: the Department contends the defense applies where (1) there has been a payment, and (2) the payment was voluntary, ECF No. 164 at 2, but Plaintiffs represent that the defense applies where (1) a payment was made, (2) voluntarily and with full knowledge of the facts, and (3) not subject to misrepresentation, or duress, or in contravention of congressional intent, ECF No. 167 at 2.

Plaintiffs argue that to show that their payments were involuntary, and thus, respond to the Department's voluntary payment defense, they must have an opportunity to discover evidence that shows that the Department intentionally deceived them. ECF No. 167 at 1–3. Evidence that the Department set the expedited processing fee at a rate higher than costs, despite its employees' knowledge that such a rate was unlawful would constitute evidence of deception, for example. Evidence about why the Department adopted the challenged methodology might show that it was adopted for deceptive reasons. According to Plaintiffs, the Court should compel, over objections based on attorney-client privilege, Zakrajsek's testimony regarding the Department employees' knowledge as to whether the EPF was lawfully set, why the Department adopted the TBV methodology; and whether it complied with relevant law and whether anyone expressed related concerns.

Plaintiffs' explanation as to how this testimony is relevant does not persuade the Court that the Department placed its attorney-client communications at issue by asserting the voluntary payment defense. *Gjovik v. Apple, Inc.*, Case No. 23-cv-04597, 2026 WL 1669163, *1 (N.D. Cal. Jun. 9, 2026). This discovery appears unnecessary under either party's interpretation of the elements of a voluntary payment defense. Under the Department's interpretation, deception or the absence of it is not an element of the defense. Moreover, Plaintiffs can dispute that they voluntarily paid the EPF by relying on other evidence that tends to show that they lacked full or sufficient knowledge of the facts pertaining to how the EPF was calculated and what the EPF should have been based on the cost-value.

United States District Court
Northern District of California

This order does not resolve the merits of the Department's defense, but the undersigned observes that this case appears unlike *United States v. Edmonston*, 181 U.S. 500, 500–02 (1901), where the plaintiff overpaid for a tract of land despite a statute setting a specific price per acre. Here, there was no source for the correct price that Plaintiffs could have been aware of, let alone that the Department could have concealed; the heart of the dispute concerns whether the price established by the Department was lawful.[2]

Given the contours of the voluntary payment defense, the absence of any authority presented by Plaintiffs showing that such a defense waives the attorney-client privilege, and given the Department's representations that it has not asserted an advice of counsel defense or a mistake of law, Plaintiffs' request for an order finding a waiver of the attorney-client privilege and compelling further testimony from Zakrajsek is DENIED. For similar reasons, Plaintiffs' request for an order finding that the deliberative process privilege has been waived is DENIED and no further testimony is compelled, though this request is denied without prejudice to a renewed request by Plaintiffs, depending on how the currently pending dispute concerning the deliberative process privilege is resolved.

**IT IS SO ORDERED.**

Dated: November 23, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

[2] In *Edmonston*, a statute passed by Congress contained a provision that set a specific price of $1.25 per acre. 181 U.S. at 500–02. There was no mistake that the tract of land was one where the government could extract a payment for its purchase, but there was a mutual mistake by the plaintiff and the agent for the government concerning the price to be applied to the land sale. *Id.* at 515. Though the exact price had been set and announced by statute, the plaintiff paid $2.50 per acre. Here, the expedited processing fee was not set by statute, and Plaintiffs challenge the amount that the Department set. This is not comparable to *Edmonston* where the plaintiff and the agent conducting the sale of the land could have looked to the correct statute to discern that the lower price of $1.25 per acre applied. *Edmonston* reasoned that the plaintiff's mistake "[was] not induced by any attempt to deceive or misrepresentation by the government officials." *Id.* In this regard, the *Edmonston* plaintiff could have identified the correct price, but failed to do so, and it was not because of any misconduct by government officials.